NEW ORLEANS, MAY, 1872. 305

Merchants' Mutual Insurance Company v. New Orleans Mutual Insurance Company, etc.

No. 2612.—MERCHANTS' MUTUAL INSURANCE COMPANY v. NEW OR-
LEANS MUTUAL INSURANCE COMPANY AND OTHERS, and MER-
CHANTS' MUTUAL INSURANCE COMPANY v. LOUISIANA MUTUAL
INSURANCE COMPANY et al.

In case of the insurance of a cargo of cotton to be shipped from the port of New Orleans to
Havre, France, and the vessel arrives at the port of destination with a loss of only a
part of the cargo, less than one-half, the rule is that the insured can not claim an aban-
donment, nor can a loss of a part of the cargo at the port of destination after a portion of
it has been delivered at its destined port, be made a constructive total loss by abandon-
ment, however large that part may be.

A reassurer who has taken a part of the risk from the insurer, may urge all the defenses
which the original insurer could urge, when sought to be made liable to the original
insurer for losses sustained by the assured; and any of these defenses may be urged by
the reassurer, although the assured may have consented to the constructive total loss by
abandonment.

APPEALS from the Fifth and Seventh District Courts of the parish
Orleans. *Collens, J. A. & M. Voorhies*, for plaintiff and appellant.
*Lea, Finney & Miller, M. M. Cohen, Johnson & Dennis* and *A. Robert*,
for defendants and appellees.

TALIAFERRO, J. These suits were instituted by the Merchants,
Mutual Insurance Company against seven other insurance companies
on contracts of reinsurance entered into severally by each of these
seven companies with the Merchants' Mutual Insurance Company, the
plaintiffs in this case. The history of this litigation seems to be this:
Dupasseur & Co. were insured by the Merchants' Insurance Company
on eight hundred and thirty-four bales of cotton, at the rate of $200
per bale, on board the ship Argean from New Orleans, bound to Havre,
in France. The defendants reinsured the plaintiffs for the amounts
respectively stated in their separate answers. The vessel arrived
safely at the port of her destination and, after discharging a portion of
her cargo in sound condition, of which three hundred and twenty-five
bales of the cotton insured for Depasseur & Co. constituted part, took
fire, which was ultimately extinguished by letting water into the hold.
The remainder of the cargo was discharged in a damaged condition.
When the news first reached New Orleans of the occurrence of the
accident, the Merchants' Mutual Insurance Company made several
advances to the insured for an aggregate sum of $104,000, subject to a
future adjustment. In like manner the reinsuring companies made
corresponding advances to assist the Merchants' Insurance Company.
In accordance with the usage and practice at Havre, a statement or
adjustment of the loss was made by the "Tribunal du Commerce,"
and by this adjustment it seems the several companies reassuring pro-
fess to have always been willing to abide. By this adjustment it
appeared that the case was one of partial loss only. Dupasseur & Co.,
on their part, held that it amounted to a constructive total loss, and
refusing when called upon by the Merchants' Insurance Company to

20

refund any portion of the large advances that had been made to them,. claimed an abandonment; the loss, as they asserted, having amounted' to more than fifty per cent.   Suit was brought against them by the Merchants' Mutual Insurance Company.   Judgment was rendered in favor of Dupasseur & Co. as in case of total loss, but condemning them to pay the sum of six thousand dollars, being the excess of the advances over the amount adjusted for constructive total loss.   The reinsurers were then called upon by the Merchants' Insurance Company to contribute according to their several undertakings in favor of the insurers in order to lessen the burden upon them.   This they refused to do, and against four of the companies which engaged in the reinsurance, suit was brought in the Fifth District Court, and against the other three suit was instituted in the Seventh District Court.

In the Fifth District Court the case was tried before a jury of merchants.   Four of the companies, it seems, contended that the amounts advanced by them subject to future settlement and adjustment exceeded the sums they were legally bound to contribute, and they set up reconventional demands for the overplus.   The other three specified small amounts, which they admit they are bound to furnish to make up the sums they are legally bound to contribute, and which deficits they aver they have always been willing and ready to pay.

Judgment was rendered in the Fifth District Court in favor of the plaintiffs against those admitting they owed balances and for the sums. so admitted, and in favor of the Louisiana Mutual Insurance Company on its reconventional demand for the amount alleged to have been in. excess of the sum it was bound to contribute.   In the Seventh District Court judgment was rendered against the plaintiffs and in favor of the defendants on their respective reconventional demands, the court treating the judgment of the plaintiffs against Dupasseur & Co. as a nullity, and also on the ground that there was not, and under the facts of the case there could not be, in regard to the damage sustained. by the ship taking fire, an abandonment and a claim by Dupasseur & Co. for a constructive total loss.   From both judgments the plaintiffs have appealed.

The judgment in the case of the plaintiffs, The Merchants' Mutual Insurance Company v. Dupasseur & Co. was, by consent of the parties,. rendered by the court out of term time and during vacation, viz: on the thirty-first of August, and was signed on the fourth of September. On the trial of the cases now before the court, the introduction of the judgment in question by the plaintiffs, as evidence was objected to by the defendants as being *res inter alias acta*, and that they were not bound by it, not having been parties to it.   There was a stipulation in the agreement of the parties that there should be no application made to the court for a new trial.   The defendants hold the judgment a nullity

for the reasons assigned, and cite the case of Culver, Simonds & Co. v. Leovy et al., 21 An. 306. It is, we think, clearly shown that the loss sustained by the perils insured against did not amount to fifty per cent. of the value of the cargo, and under the rule of fifty per cent. of the party insured could not make an abandonment. The loss, however, must be more than one-half. Parsons on Insurance, 2 vol. pp. 126 and 127. There is an exception, too, both in regard to ship and goods where the vessel arrives at the port of destination, and any substantial part of the goods insured arrives in safety at its destined port. Nor can a loss of a part of the goods at the port of destination be made a constructive total loss by abandonment, however large that part may be. Parsons on Insurance, vol. 2, p. 159. But it is argued that the abandonment by Dupasseur & Co. was accepted by the Merchants' Insurance Company, and therefore, whether rightfully made or not, could not be brought in question. Whatever might be the effect in such a case between the Merchants' Insurance Company and Dupasseur & Co. we think it would scarcely affect the reinsurers. It seems to be well settled that reassurers are entitled to make the same defenses and to urge the same objections which might be made by the original insurers. 1 Story, 460; 2 Philips, sec. 2173. Reinsurers may have defenses against the original insurer which he could not have against the original insured. 1 Parsons, 299. Reassurers are only liable for what the insurer is legally liable. 2 Philips, sec. 1751.

The several companies who took the reinsurance, it is urged, had knowledge of the pendency of the suit between the insurer and Dupasseur & Co. and they were at liberty to intervene to protect their own interests; that they now make only the same defenses which they might have made in the original suit, and that they might have appealed from the judgment, but which they have not done, and which it is alleged they were invited to do. That the defenses now set up by the reinsured as to the want of right in Dupasseur & Co. to make an abandonment were made by the Merchants' Insurance Company in the suit they brought against Dupasseur & Co. The plaintiffs contend that formal knowledge by notice in writing in matters of commerce and insurance is not required, but that knowledge however required is sufficient; and that the reinsurers had knowledge of the suit brought against Dupasseur, although not notified of it officially. But notwithstanding the reinsurers knew of the pendency of the suit by common rumor, how can they be held bound by a judgment rendered in a suit to which they were in no manner made parties? They were under no contract with Dupasseur & Co.; their obligation was with the insurers to make good to a certain extent a liability that they might incur they were not called in warranty nor cited to appear in the case in any capacity. The invitation given them to appeal and their declining to

do so did not preclude the insurers themselves from appealing, which it would seem they had no intention to do. They agreed with Dupasseur & Co. to submit the case to be determined during vacation, both parties waiving motions for new trials.

The plaintiffs insist upon the validity of that judgment, and that the defendants are bound by it. We deem it unnecessary to pass upon the question of its validity, as we think the case with the defendants, irrespective of that judgment.'

The vessel arrived safely at her port of destination, with her cargo in good condition. The damage and loss sustained by the fire which occurred before the vessel was entirely unloaded was partial, as accurately shown by the investigation and adjustment made by the tribunal at Havre. The amount for which the insurers were liable was far less than that for which they aim to make their reinsurers liable. They surely have no right to make such a demand. We think the judgments appealed from should be sustained.

It is therefore ordered, adjudged and decreed that the judgments herein appealed from, viz: The judgment of the Fifth District Court, rendered in the case numbered 348 on the docket of that court, and the judgment of the Seventh District Court, rendered in the suit numbered 998 on the docket of that court, be affirmed with costs in both courts.

Rehearing refused.